IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVON D. TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00878-SMY |
| ) | |
| VANDALIA CORRECTIONAL CENTER, ) | |
| STEPHANIE WAGONEER, *Warden*, ) | |
| DAVID BOGART, *Lieutenant*, and ) | |
| DARRIN WELLS, *Counselor*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Levon D. Terry, a former inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vandalia Correctional Center. This matter is now before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Doc. 2).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). When considering a motion to proceed *in forma pauperis* under § 1915(e)(2), if the Court finds that the Complaint is frivolous, malicious, or fails to state a claim for relief, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): The tactical officers removed all inmates from I-dorm on November 16, 2018. Inmates were ordered not to take any

items with them.  When Plaintiff returned to his cell, his silver cross and chain were missing from his property box.  Lt. David Bogart was notified.  Because no inmates were left in the dorm, Plaintiff's property must have been taken by staff.  A grievance was filed on December 22, 2018, which was denied by Counsel Darrin Wells on January 28, 2019.

      Lt. Bogart and other officers took Plaintiff to segregation on April 12, 2019 for allegations of fighting.   He was released the same day because there was no evidence that he was fighting.

      Plaintiff was harassed by officers and they took commissary out of his property box at least a couple of times a week.  Lt. Bogart was notified but took no action.

      Plaintiff was attacked on May 2, 2019 by two inmates.  After he informed staff that he was attacked, he was taken to segregation for 22 days.  While in segregation, Plaintiff suffered threats and harassment from the two inmates that had attacked him.  He lost good time and was kicked out of school because of the attack.  He was also sexually harassed by staff while in segregation. He notified Lt. Bogart, but got no response.  After Plaintiff was released from segregation, he was placed in the same dorm as one of his attackers.  He feared being attacked again.

      Plaintiff experienced violent headaches on August 7, 2019.  After several requests for medical treatment, he saw a doctor who told him his blood pressure was so high that he could suffer a stroke.  The doctor gave him medication for one day; he did not receive any additional medication for a week.

      Plaintiff complained about having headaches and sinus problems for eight months.  He complained to Warden Stephanie Wagoneer several times with no results.

      Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:     Fourteenth Amendment deprivation of personal property, failure to investigate claim, and mishandling of a grievance against Lt. Bogart

|  |  |
|---|---|
|  | and Counselor Wells for failing to take action regarding Plaintiff's stolen silver cross and chain. |
| Count 2: | Fourteenth Amendment deprivation of personal property and/or failure to investigate claim against Lt. Bogart for failing to take action regarding Plaintiff's stolen commissary items. |
| Count 3: | Fourteenth Amendment due process violation against Lt. Bogart for placing Plaintiff in segregation on April 12, 2019 for an allegation of fighting. |
| Count 4: | Eighth Amendment failure to protect claim regarding the assault against Plaintiff by other inmates on May 2, 2019. |
| Count 5: | Fourteenth Amendment due process violation for Plaintiff's placement in segregation following the assault on May 2, 2019. |
| Count 6: | Fourteenth Amendment claim against Lt. Bogart for failure to investigate or take action in response to Plaintiff's claims that he suffered harassment in segregation from the inmates who had assaulted him on May 2, 2019 and from prison staff. |
| Count 7: | Eighth Amendment failure to protect claim for Plaintiff's placement near an inmate that had previously assaulted him. |
| Count 8: | Eighth Amendment deliberate indifference claim for the failure to provide adequate treatment for Plaintiff's violent headache and high blood pressure in August 2019. |
| Count 9: | Eighth Amendment claim against Warden Wagoneer for exhibiting deliberate indifference to Plaintiff's chronic headaches and sinus issues. |

Any claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### **Preliminary Dismissal**

Vandalia Correctional Center is a division of the Illinois Department of Corrections, which is a state government agency not subject to suit for money damages under § 1983. *Will v. Mich.*

3

*Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Therefore, Vandalia Correctional Center will be dismissed with prejudice.

There are no defendants associated with the claims in Counts 4, 5, 7, and 8. Accordingly, those claims are dismissed without prejudice.

### Severance

Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Here, Plaintiff's claims involve separate matters and different defendants. As a result, the Court must determine whether the claims are improperly joined and subject to severance or dismissal.

Although the claims in Counts 1, 2, 3, and 6 involve separate occurrences, Plaintiff makes allegations against Lt. Bogart related to all of the claims. Therefore, the claims in Counts 1, 2, 3, and 6 will remain in the instant lawsuit and the Court will conduct a merit review as to those claims below. Count 9, however, involves a separate occurrence and a different defendant. Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will sever the claim in Count 9 into a separate action against Defendant Stephanie Wagoneer. The claim will be subject to review under 28 U.S.C. § 1915(e)(2) in the newly severed case.

**Discussion**

**Counts 1 and 2**

Plaintiff alleges that his personal property was taken on a number of occasions, including a silver cross and chain and commissary items. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims.

To the extent Plaintiff seeks to make a claim against Lt. Bogart for failing to investigate or take any action in response to his missing property and against Counselor Wells for denying his grievance regarding his missing property, he fails to state a viable constitutional claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Further, prison officials incur no

liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

For these reasons, Counts 1 and 2 will be dismissed for failure to state a claim for relief.

### Count 3

Plaintiff alleges he was placed in segregation for one day for an allegation of fighting. The due process clause applies only to deprivations of life, liberty, and property. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). Generally, prisoners do not have a liberty interest in avoiding brief periods of segregation. *Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005). Less than one day in segregation does not implicate a liberty interest. *Id.* As such, Count 3 fails to state a claim and will be dismissed.

### Count 6

As discussed above with regard to Count 1, Plaintiff fails to state a claim against Lt. Bogart for failing to investigate or take any action in response to his complaints about incidents after they had occurred. As such, Count 6 fails to state a claim and will be dismissed.

### Motion for Leave to Proceed *In Forma Pauperis*

Because the Complaint fails to state a claim for relief, the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Disposition

Vandalia Correctional Center is **DISMISSED with prejudice** and Counts 4, 5, 7, and 8 are **DISMISSED without prejudice**.

Count 9 against Defendant Stephanie Wagoneer is **SEVERED** into **SEVERED CASE #1**. In the newly severed case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;

- The Complaint (Doc. 1); and

- Motion for Leave to Proceed *In Forma Pauperis*.

Counts 1, 2, 3, and 6, which remain in this case, are **DISMISSED** for failure to state a claim for relief. Because the Complaint fails to state a claim for relief, the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **January 3, 2021**. The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-878-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, Plaintiff shall pay to the Clerk of the Court the full filing fee of $402, which he incurred when he filed this lawsuit, within 30 days of entry of this Order. If Plaintiff chooses to

file a First Amended Complaint, he may refile the Motion for Leave to Proceed *In Forma Pauperis*.

    **IT IS SO ORDERED.**

    **DATED:  November 30, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
